UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KGB NY LLC,<br><br>    *Plaintiff*,<br><br> v.<br><br>ROBERTO GUZMAN, DAVID KHOURI, and CULTUM STUDIO,<br><br>    *Defendants*. | Civ. Action No. 23-cv-10979<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

   Plaintiff KGB NY LLC ("Plaintiff" or "KGB"), by and through its attorneys, Tarter Krinsky & Drogin LLP, as and for its Complaint against Defendants Roberto Guzman ("Guzman"), David Khouri ("Khouri"), and CULTUM Studio ("Cultum," and collectively "Defendants") herein, alleges and states as follows:

## NATURE OF THE ACTION

   1. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 et seq. This action arises out of Defendants' unauthorized publication of copyrighted materials owned by Plaintiff. Plaintiff seeks monetary and injunctive relief under the Copyright Act, 17 U.S.C. § 101, *et seq.*

## THE PARTIES

   2. Plaintiff is a domestic limited liability company, organized and existing pursuant to the laws of the State of New York, with a principal place of business at 200 Lexington Avenue, Suite 1616, New York, New York 10016.

   3. Upon information and belief, Defendant Guzman is an individual residing in New York, New York.

1

4. Upon information and belief, Defendant Khouri is an individual residing in New York, New York.

5. Upon information and belief, Cultum is a domestic company with its principal place of business located in New York, New York.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338(a) as this action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue in this District is proper under 28 U.S.C. §1391(b) because the parties reside within this Judicial District.

## FACTUAL BACKGROUND

9. Plaintiff is the designer and manufacturer of handcrafted furniture and is the owner of professional photographs showcasing its pieces (the "Copyrighted Photographs"), which are of substantial commercial value to Plaintiff. Copies of the Copyrighted Photographs are attached hereto as **Exhibit A**.

10. Plaintiff entered into a Work For Hire Agreement with Alan Tansey, the photographer of the Copyrighted Photographs, whereby Plaintiff was granted the entire right, title, and interest in and to the Copyrighted Photographs. A copy of the Work For Hire Agreement is attached hereto as **Exhibit B**.

11. Plaintiff also registered the Copyrighted Photographs with the U.S. Copyright Office. Records of the U.S. Copyright Office registrations are attached hereto as **Exhibit C**.

12. On or about May 1, 2023, Plaintiff discovered Defendants published the Copyrighted Photographs without obtaining Plaintiff's consent or permission to use the Copyrighted Photographs on their websites, www.davidkhouri.com, www.roberto-guzman.com, and www.cultumprojects.com (The "Infringing Activity"). Screenshots of the Infringing Activity are attached hereto as **Exhibit D**.

13. At the time, Guzman and Khouri were Plaintiff's members, and acquired the Copyrighted Photographs in their capacity as Plaintiff' members.

14. On or about June 9, 2023, Plaintiff's counsel formally demanded Defendants cease and desist the Infringing Activity, destroy all copies of the Copyrighted Photographs in their possession or control, and provide Plaintiff with a full account of all publication of the Copyrighted Photographs and proceeds therefrom. A true and correct copy of the June 9, 2023, demand letters are attached hereto as **Exhibit E**.

15. On or about June 16, 2023, David M. Adler, Esq., counsel for defendants Guzman and Khouri, contacted Plaintiff's counsel stating that Guzman and Khouri had complied with the demand, removed the Copyrighted Photographs from the relevant websites, and destroyed any copies of the Copyrighted Photographs in their possession. However, upon information and belief, Guzman continued to use other photographs owned by Plaintiff on his LinkedIn and Archinect profiles, Khouri continued to use other photographs owned by Plaintiff on his LinkedIn profile and personal website, and Cultum used Plaintiff's mailing address as its business address. Furthermore, counsel for Guzman and Khouri stated that they were "unable to comply" with the request to provide a full accounting. A true and correct copy of the June 16, 2023, letter is attached hereto as **Exhibit F**.

16. On or about June 23, 2023, Plaintiff's counsel reiterated its demand for Defendants' revenue and profits earned through the marketing and sale of Plaintiff's intellectual property. A true and correct copy of the June 23, 2023, letter is attached hereto as **Exhibit G.**

17. To date, Defendants have not complied with Plaintiff's demand for the full accounting.

18. Plaintiff seeks herein preliminary and permanent injunctive relief and actual damages including disgorgement of all profits pursuant to federal law pertaining to copyrights.

## COUNT I
### Copyright Infringement Against All Defendants
### (17 U.S.C. § 501)

19. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

20. Plaintiff owns all of the Copyrighted Photographs.

21. Plaintiff has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to its registered copyrights in the Copyrighted Photographs.

22. Defendants have infringed Plaintiff's Copyright by making unauthorized publication of the Copyrighted Photographs.

23. Defendants' unauthorized publication of the Copyrighted Photographs has resulted in damage to Plaintiff and continues to damage Plaintiff.

24. Defendants have profited from and received a direct financial interest from its unauthorized publication of the Copyrighted Photographs.

25. Because Defendants knew of its infringement, and/or acted with reckless disregard for or willful blindness to Plaintiff's copyright rights, Defendant's infringement was willful.

26. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an order enjoining Defendant from further unauthorized publication of the Copyrighted Photographs.

27. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover actual damages and any profits of Defendant, or an award of statutory damages up to $150,000.

28. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT II
### Tortious Interference with Business Relations Against All Defendants

29. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

30. Plaintiff has valuable business relationships with customers who seek Plaintiff's furniture design and manufacturing services.

31. At all relevant times, Defendants were aware of Plaintiff's business relationships with customers seeking its furniture design and manufacturing services.

32. Defendants intentionally and improperly interfered with the Plaintiff's business relationships by their unauthorized publication of the Copyrighted Photographs.

33. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationships with customers seeking its furniture design and manufacturing services.

34. Defendants had actual knowledge that their actions would divert Plaintiff's customers away from Plaintiff and to Defendants by their unauthorized publication of the Copyrighted Photographs.

35. Plaintiff has been damaged by Defendants' diversion of Plaintiff's customers away from Plaintiff and to Defendants by their unauthorized publication of the Copyrighted Photographs.

36. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

## COUNT III
### Unjust Enrichment Against All Defendants

37. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

38. Upon information and belief, Defendants have been unjustly enriched and have unfairly benefitted by their unauthorized publication of the Copyrighted Photographs.

39. Upon information and belief, Defendants have been unjustly enriched at Plaintiff's expense.

40. It is against equity and good conscience to permit Defendants to retain the benefit they have obtained at Plaintiff's expense.

41. By reason of Defendants' unjust enrichment, Plaintiff, as the owner of the U.S. copyright registration for the rights to and in the Copyrighted Photographs, has been damaged in an amount to be proven at trial.

## COUNT IV
### Breach of Fiduciary Duties Against Guzman and Khouri

42. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

43. The Copyrighted Photographs were acquired by Guzman and Khouri in the course of acting as Plaintiff's members.

44. Guzman and Khouri owed fiduciary duties to Plaintiff as Plaintiff's members, including, *inter alia*, the duty of care and the duty of loyalty.

45. Guzman and Khouri's misconduct, in the form of their unauthorized publication of the Copyrighted Photographs, violated the fiduciary duties they owed to Plaintiff.

46. Guzman and Khouri's misconduct and violations of their fiduciary duty owed to Plaintiff as alleged herein directly caused economic and reputational harm to Plaintiff.

47. As a result of Guzman and Khouri' breach of fiduciary duties, Plaintiff is entitled to (1) an accounting to calculate the sales proceeds Guzman and Khouri have procured owing to their unauthorized publication of the Copyrighted Photographs and (2) lost profits and other damages in an amount to be determined and proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. Entry of a judgment against Defendants, finding that Defendants have infringed Plaintiff's rights in the federally registered copyright for the Copyrighted Photographs under 17 U.S.C. § 101 et seq.;

B. Injunctive relief restraining Defendants from claiming rights in or to the Copyrighted Photographs;

C. An award of actual damages suffered by Plaintiff due to Defendants' infringement of the Copyrighted Photographs and a disgorgement of all profits derived by Defendants from their infringement, pursuant to 17 U.S.C. § 504 or as otherwise allowed by law;

D. An award of damages, including costs and attorneys' fees pursuant to 17 U.S.C. § 505; and

E. Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: December 19, 2023                    Respectfully submitted,

                                                            **TARTER KRINSKY & DROGIN LLP**

                                                             By:  _____
                                                                  Brian A. Bloom
                                                                  Melissa DeCandia

                                                            1350 Broadway
                                                           New York, New York 10018
                                                           Tel.:    (212) 216-8000
                                                           Fax:    (212) 216-8001
                                                           E-mail: bbloom@tarterkrinsky.com
                                                                      mdecandia@tarterkrinsky.com

                                                           ***Attorneys for Plaintiff***