UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

KGB NY LLC,

                    Plaintiff,

       v.

GUZMAN, ET AL,

                    Defendants.

Case No. 23-cv-10979-PAC

## ANSWER AND COUNTERCLAIM

COME NOW the Defendants (the "Defendants"), through the undersigned attorneys, and answer the Complaint as follows:

1. Deny knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 2 of the Complaint.

3. Admit the allegations contained in paragraph 3 of the Complaint.

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 7 of the Complaint.

8. Admit the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Admits the allegation that Plaintiff transmitted a letter to Defendants but denies all other allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations of paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 18 of the Complaint.

## COUNT 1

19. Defendants repeat their response to the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

## COUNT 2

29. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

### COUNT 3

37. Defendants repeat and reallege their responses to the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint..

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

### COUNT 4

42. Defendants repeat and reallege their responses to the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred by the doctrines of laches, acquiescence, estoppel and waiver.

2. The Plaintiff has unclean hands and fraud.

3. Plaintiff is not entitled to relief because Defendants own prior rights.

The Defendants reserve the right to amend or modify the Answer to the Complaint.

WHEREFORE, the Defendants respectfully request that this Court dismiss the Complaint in this action, together with such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Defendants-Counterclaimants counterclaim as follows

### JURISDICTION & PARTIES

1. Defendants are residents of the State of New York, New York County.

2. Plaintiff-Counterclaim-Defendant is a New York corporation is a corporation organized under the laws of the state of New York.

3. Counterclaimants bring this action seeking a declaration of non-liability to PlaintiffCounterclaim-Defendant.

4. This action arises under 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

## FACTS COMMON TO THE COUNTERCLAIM

6. On February 12, 2024, Plaintiffs-Counterclaim Defendant transmitted a letter to Defendants-Counterclaim Plaintiffs (hereinafter "KGB") threatening to file additional claims against Defendants-Counterclaim Plaintiffs (hereinafter "Cultum"). Specifically KGB stated through its attorneys that:

> We ask that You or Your counsel provide KGBL with written confirmation that You will comply with these demands within five (5) business days of Your receipt of this letter. Any failure or delay in complying with these demands will likely compound the damages for which You may be liable.
>
> Please be advised that if we do not receive a satisfactory response from You, KGBL reserves the right to take legal action, including filing an amended complaint in the currently-pending action KGB NY LLC v. Roberto Guzman, David Khouri, and Cultum Studios, Civil Action No. 1:23-cv-10979-PAC to assert additional claims seeking damages for Your use of KGBL's Copyrighted Designs and Proprietary Customer Data as outlined
> in this letter.
>
> See Exhibit A hereto, copy of February 12, 2024 letter from KGB counsel to Cultum.

7. The Second Circuit has identified the factors a court should consider in determining whether to entertain an action under the Declaratory Judgment Act:

8. The DJA provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*." 28 U.S.C. §

2201(a) (emphasis added). In other words, the DJA "creates a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy." *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir. 1986) (citation omitted); *see id.* at 498–99 ("[T]he declaratory[-]judgment procedure enables a party who is ...

> threatened ... in the enjoyment of what he claims to be his rights[ ] to initiate the proceedings against his tormentor and remove the cloud by an authoritative determination of the plaintiff's legal right ... and the defendant's absence of right ...." (internal quotation marks and alteration omitted)). The Supreme Court has "explained that the phrase 'case of actual controversy' in the [DJA] refers to the [same] type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). Thus, the DJA "does not *expand* the subject[-]matter jurisdiction of the federal courts," *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) (emphasis added), *aff'd*, 568 U.S. 85, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013); rather, the "relevant inquiry for [the DJA's case-of-actual-controversy] prerequisite is *coextensive* with the analysis applicable to the 'case[-]or[-]controversy' standard embodied in Article III," *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 406 (S.D.N.Y. 2002) (emphasis added), *aff'd*, 346 F.3d 357 (2d Cir. 2003).

Admiral Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 92 (2d Cir. 2023.)

9.  The Second Circuit continued:

In *Broadview Chemical Corp. v. Loctite Corp.*, we held that "[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." 417 F.2d 998, 1001 (2d Cir. 1969) (quoting Edwin Borchard, *Declaratory Judgments* 299 (2d ed. 1941)). We further held that "[i]t follows as a general corollary to this rule that if either of these objectives can be achieved[,] the action should be entertained and the failure to do is error."

Id. at 96.

10.     The allegations contained in KGB's February 12 letter are false and Cultum is entitled to a declaration of non-liability. Given the pendency if this related action, a judgment here "will serve a useful purpose in clarifying and settling" ALL "legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to [this] proceeding."

7

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants prays for judgment against Counterclaim-Defendant:

a.   declaring Counterclaimants are not liable for the alleged violative acts asserted by Counterclaim-Defendant in its February 12, 2024 Letter;

b.   Awarding Counterclaimants their reasonable attorneys' fees and costs; and

n. Awarding such other and further relief as is just and proper.

## JURY DEMAND

Counterclaimants hereby demand a trial by jury of all issues so triable.

Date: June 13, 2024

ADWAR IVKO LLC

Attorneys for Defendants

By: /Armando Llorens/

Armando Llorens
225 W 34th St, Floor 9,
New York, New York,
10122
Tel: (212) 725-1818
armando@adwarivko.com