UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KGB NY LLC,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>ROBERTO GUZMAN, DAVID KHOURI, CULTUM STUDIO, and SQUARESPACE, INC.,<br><br>　　　　　*Defendants*. | Case No. 1:23-cv-10979-ALC-RFT<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

**WHEREAS**, the parties have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.　Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client(s) in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated as confidential by a party as confidential shall be stamped "CONFIDENTIAL."

2.　The Confidential Information disclosed will be held and used by the person(s) receiving such information solely for use in connection with the action.

3.　In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the

1

challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use of admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. The parties should meet and confer inf any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any person; and

    c. Requires each such person to sign an agreement to be bound by this Protective Order in the form attached hereto as **Exhibit A**.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

8. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential, and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Rule 502 of the Federal Rules of Evidence, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protecting information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow and comply with Rules I(D)

and III(E) of Magistrate Judge Robyn F. Tarnofsky's Individual Practice Rules and Section 6 of the Court's Electronic Case Filing Rules & Instructions.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: ~~October~~ Feb 6, 2024 2025
New York, New York

_____
Brian A. Bloom
Mel DeCandia
Greenspoon Marder LLP
1345 Avenue of the Americas, Suite 2200
New York, New York 10105
(212) 524-5000
brian.bloom@gmlaw.com
mel.decandia@gmalaw.com

*Counsel for Plaintiff KGB NY LLC*

_____
Armando Llorens
Adwar Ivko LLC
225 West 34th Street, Floor 9
New York, New York 10122
(212) 725-1818
armando@adwarivko.com

*Counsel for Defendants Roberto Guzman, David Khouri, and CULTUM Studio*

**SO ORDERED:**

_____
Hon. Robyn F. Tarnofsky, U.S.M.J.

4

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KGB NY LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>ROBERTO GUZMAN, DAVID KHOURI, CULTUM STUDIO, and SQUARESPACE, INC.,<br><br>     *Defendants*. | Case No. 1:23-cv-10979-ALC-RFT<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non0dsiclosrue of those portions of discovery materials that have been designated "CONFIDENTIAL." I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material.

  By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitted myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Stipulation and Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____           _____
Name (printed)                            Signature


Signed in the presence of:



_____
(Attorney)