UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KGB NY LLC,

                        **Plaintiff,**

-against-

ROBERTO GUZMAN, et al.,

                        **Defendants.**

1:23-cv-10979 (ALC) (RFT)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff KGB NY LLC brings this action for copyright infringement of its photographs and furniture designs, along with other related causes of action. Before the Court is Defendant Squarespace, Inc.'s motion to dismiss the contributory infringement claim against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff fails to plead that it registered the copyright for its furniture designs, the claims based on the infringement of the designs are dismissed.

**BACKGROUND**

    **I.**    **Factual History**

    Plaintiff KGB NY LLC ("Plaintiff" or "KGB") is a furniture designer and manufacturer. *See* ECF No. 27 ¶ 10 ("Amended Complaint" or "AC"). KGB alleges it owns furniture designs and professional photographs of its furniture. *See id.* Although KGB registered the photographs with the United States Copyright Office on June 6, 2023, *see* ECF No. 27-3 (certificates of registration), it never registered the designs.

    On May 1, 2023, KGB discovered that Defendants Roberto Guzman ("Guzman"), David Khouri ("Khouri"), and CULTUM Studio ("CULTUM") published the photographs without

obtaining consent to do so. *See* AC ¶ 13. In February of 2024, KGB discovered that Defendants Guzman and Khouri were marketing via their website furniture based on KGB's designs. *See id.* ¶ 18. Defendant Squarespace, Inc. ("Squarespace") is the service provider for the website. *See id.* ¶ 21. KGB believes that Defendants Guzman and Khouri acquired the photographs and furniture designs in their capacity as KGB's members. *See id.* ¶¶ 14, 19. On February 12, 2024, KGB demanded Defendants Guzman and Khouri cease and desist. *See id.* ¶ 20. That same day, KGB also notified Squarespace of the alleged copyright infringement. *See id.* ¶ 21. "Squarespace refused to intervene and remove the [f]urniture [d]esigns." *Id.* ¶ 23.

## II.     Procedural History

On December 19, 2023, KGB filed its complaint initiating this action against Defendants Guzman, Khouri, and CULTUM (collectively the "CULTUM Defendants"). *See* ECF No. 1. Defendants answered the complaint. *See* ECF No. 19. Judge Paul A. Crotty subsequently referred this matter to Magistrate Judge Robyn F. Tarnofsky for general pretrial matters. *See* ECF No. 20. The case was later reassigned to this Court.

On May 30, 2024, KGB amended the complaint, adding Squarespace as a defendant. *See* ECF No. 27. The Amended Complaint asserts six causes of action for: (1) copyright infringement of the photographs against the CULTUM Defendants; (2) copyright infringement of the furniture designs against Guzman and Khouri; (3) contributory infringement of the furniture designs against Squarespace; (4) tortious interference with business relations against the CULTUM Defendants; (5) unjust enrichment against the CULTUM Defendants; and (6) breach of fiduciary duties against Guzman and Khouri. *See* AC at 5–10. All the copyright infringement claims are brought under the U.S. Copyright Act, 17 U.S.C. § 501. *See id.* at 5–8.

On June 14, 2024, the CULTUM Defendants answered and brought a counterclaim for a declaration of non-liability. *See* ECF No. 30. KGB answered the counterclaim on June 28, 2024. *See* ECF No. 32. On January 31, 2025, the Court granted Defendant Squarespace leave to file the instant motion to dismiss the claim against it. *See* ECF No. 76. Defendant Squarespace filed its motion to dismiss on February 21, 2025. *See* ECF No. 94; *see also* ECF No. 95 ("Mot."). KGB filed its opposition on March 14, 2025. *See* ECF No. 97 ("Opp."). On March 28, 2025, Defendant Squarespace filed its reply. *See* ECF No. 100 ("Reply").[1]

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements

---

[1] The Court notes that KGB filed a motion for summary judgment against the CULTUM Defendants on May 12, 2025, which is fully briefed. *See* ECF No. 104; *see also* ECF Nos. 105–08, 111–14. That motion will be resolved by a separate opinion at a later date.

of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation omitted).

## DISCUSSION

"To state a claim for contributory infringement, a plaintiff must allege facts that a defendant 'with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 383 (S.D.N.Y. 2016) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). "Without a showing of a direct copyright infringement, secondary liability cannot be maintained." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).

"Proper registration is a prerequisite to an action for infringement." *Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*, 234 F. Supp. 3d 548, 554 (S.D.N.Y. 2017). "Under the Copyright Act, 'no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.'" *Id.* (quoting 17 U.S.C. § 411(a)); *see also Zonis v. Grubman*, No. 20-CV-7181, 2022 WL 597447, at *1 (S.D.N.Y. Feb. 28, 2022) ("[A]lthough registration with the United States Copyright

Office is not required to obtain copyright protection, . . . registration is required to bring an infringement action in federal court." (internal citations omitted)). "What is more, the failure to register a copyright in advance of filing a lawsuit cannot be cured through amendment and thus requires dismissal." *Zonis*, 2022 WL 597447, at *1.

KGB's contributory infringement claim alleges Defendants Guzman and Khouri directly infringed on the furniture designs. *See* AC ¶ 50 ("Defendants Guzman and Khouri, using defendant Squarespace's web-hosting services, have directly infringed and are directly infringing Plaintiff's copyrights."); *id.* ¶ 51 ("Squarespace induced, caused, and materially contributed to the infringing acts of Guzman and Khouri."); *id.* ¶ 52 ("Squarespace had knowledge of Guzman and Khouri's infringing acts related to Plaintiff's Copyrighted Furniture Designs."). Squarespace argues that KGB fails to allege it registered the furniture designs with the U.S. Copyright Office. *See* Mot. at 3. Because of this omission, Squarespace contends that KGB does not plausibly allege direct infringement, and consequently cannot maintain the contributory copyright infringement claim. *See id.*

The Court agrees with Squarespace. The Amended Complaint does not allege that the furniture designs were registered at the U.S. Copyright Office. *See generally* AC. In fact, KGB wrote in response to Squarespace's request to file the instant motion that it "is in the process of filing U.S. Copyright applications for each of these copyrighted designs." ECF No. 72 at 2.

Given this, KGB opposes the motion to dismiss based on the "broader" common law protections provided to original works. *See* Opp. at 2 ("In the United States, common law rights automatically protect original works, even without official registration of those works with the U.S. Copyright Office."). But it overlooks the fact that it does not assert a common law claim, *see*

AC at 7–8 (bringing the contributory infringement claim under 17 U.S.C. § 501), and neglects to explain why such a claim would not be preempted, *see* Opp. at 3–4; *see also Red Apple Media, Inc. v. Batchelor*, 636 F. Supp. 3d 468, 471 (S.D.N.Y. 2022) ("[C]opyright is one of a handful of areas where -- at least in the Second Circuit -- Congress is considered to have 'completely preempted' analogous state-law claims, meaning that 'the preemptive force of federal law . . . is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim.'" (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004))); Reply at 3–5 (analyzing preemption).

Attempting to avoid dismissal, KGB highlights that certificates of registration and registration numbers are not required to adequately plead a claim for copyright infringement. *See* Opp. at 2. But the authority KGB cites, *Hartmann v. Popcornflix.com LLC*, still dismissed several claims because the plaintiff "simply d[id] not allege anywhere . . . in the Amended Complaint that [the works] are registered with the U.S. Copyright Office." 690 F. Supp. 3d 309, 319 (S.D.N.Y. 2023); *see* Opp. at 2 (citing *Hartmann*). That some claims survived despite a failure to attach certificates or include registration numbers does not save KGB's claim here. *See Hartmann*, 690 F. Supp. 3d at 318 (finding plaintiff "plausibly allege[d] that the copyright for [one work] ha[d] been registered"). KGB's failure to plead that the furniture designs were registered prior to this lawsuit, on its own, "mandates dismissal of [its] copyright infringement claim" against Squarespace. *Zonis*, 2022 WL 597447, at *2.

Defendants Guzman and Khouri have not moved to dismiss the claim for direct copyright infringement of the furniture designs. *See generally* ECF. As the registration "issue is not jurisdictional," the Court is not required to raise it in relation to Defendants Guzman and Khouri

6

*sua sponte*. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 353 n.6 (S.D.N.Y. 2014) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). Nevertheless, *sua sponte* dismissal for failure to state a claim is appropriate where "the issues concerning [the non-moving defendants] are substantially the same as those concerning the [moving] defendants, and . . . the [plaintiff] had notice and a full opportunity to make out his claim." *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990); *see also Whitfield v. O'Connell*, No. 09 CIV. 1925, 2010 WL 1010060, at *7 (S.D.N.Y. Mar. 18, 2010) ("A district court has the power to *sua sponte* dismiss claims against nonmoving defendants for failure to state a claim, as long as the plaintiff has been given an opportunity to be heard."), *aff'd*, 402 F. App'x 563 (2d Cir. 2010); *Leonhard v. United States*, 633 F.2d 599, 609 (2d Cir. 1980) ("The district court has the power to dismiss a complaint *sua sponte* for failure to state a claim."). As KGB's failure to plead direct copyright infringement of the furniture designs was the basis for dismissing its secondary liability claim, the Court dismisses the claim against the non-moving defendants—count two of the Amended Complaint—as well.

Federal Rule of Civil Procedure 15(a)(2) requires courts provide leave to amend "when justice so requires."[2] Fed. R. Civ. P. 15(a)(2). "It is within the sound discretion of the court whether to grant leave to amend." *Hartmann*, 690 F. Supp. 3d 309 at 321 (internal quotation omitted). Leave is properly denied where amendment would be futile. *See In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010). As "failure to register a copyright cannot be cured after a lawsuit has been filed," the Court denies KGB leave to amend its claims based on the furniture designs. *Zonis*, 2022 WL 597447, at *2.

---

[2] The Court notes that KGB did not request leave to amend. *See generally* Opp.

## CONCLUSION

For the foregoing reasons, Squarespace's motion to dismiss is **GRANTED**. Count three of the Amended Complaint is dismissed. Additionally, the Court **DISMISSES *SUA SPONTE*** count two of the Amended Complaint against non-moving defendants Guzman and Khouri.

The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 94.

**SO ORDERED.**

Dated:   September 18, 2025
          New York, New York

                                               **ANDREW L. CARTER, JR.**
                                               **United States District Judge**